# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

IN RE:

**MINERVA PADILLA CRUZ**

    **Debtor(s)**

CASE NO. 14-07140

CHAPTER 7

<span style="color:red">**FILED & ENTERED ON 05/18/2018**</span>

## OPINION & ORDER

This matter comes before the court upon Minerva Padilla Cruz's (hereinafter "Debtor") *Motion To Alter or Amend Order Granting Trustee's Objection to Debtor's Claim Of Exemptions* [Dkt. No. 91]; the Chapter 13 Trustee Jose R. Carrion's (hereinafter the "Trustee") *Trustee's Opposition to Motion to Alter or Amend Order Granting Trustee's Objection to Debtor's Claim of Exemptions* [Dkt. No. 101]; Debtor's *Reply To Trustee's Opposition to Motion to Alter or Amend Order, Etc.* [Dkt. No. 109]; and the *Trustee's Sur reply to Reply to Opposition to Motion to Alter or Amend Order* [Dkt. No. 111].

Debtor seeks reconsideration of this court's Order dated August 18, 2017 [Dkt. No. 89], sustaining Trustee's objection to Debtor's exemption over a lump sum payment received post-petition, post-confirmation for the Debtor's accumulated but unused sick leave. Section 522(d)(5)[1] states that debtors may exempt "$1,250 plus up to $11,850 of any unused amount of the [homestead] exemption" "in any property". 11 U.S.C. § 522(d)(5). The Trustee argued that exemptions can only be taken over property described in section 541, while Debtor argued that

---

[1] All references to the "Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. §§ 101, et seq.

-1-

section 522 is also applicable to property of the estate acquired under section 1306. Upon consideration of the parties' arguments and the record, for the reasons set forth below, the court concludes that the Trustee failed to sustain his burden in objecting to the exemption and therefore, GRANTS Debtor's *Motion to Alter or Amend Order Granting Trustee's Objection to Debtor's Claim of Exemptions* [Dkt. No. 91].

## I.       Procedural and Factual Background

On August 29, 2014, Debtor, a government employee, filed for chapter 13 bankruptcy protection. Along with the necessary documents and schedules Debtor, on her Schedule B, listed $766.00 held in a bank account as personal property. On her Schedule C, Debtor exempted the bank account balance of $766.00 under section 522(d)(5). Debtor did not claim a homestead exemption. Furthermore, Debtor did not list the accumulated but unused sick leave hours held with her employer, the Puerto Rico Department of Education (hereinafter the "Dep't of Educ."), as an asset. On December 9, 2015, Debtor's chapter 13 Plan was confirmed. [Dkt. No. 50]. As of the date of this Opinion & Order, the case has not been closed, dismissed, or converted. The plan stated that the property of the estate would vest in the Debtor upon discharge or conversion.

On October 6, 2016, the Puerto Rico Government Employees Association ("AEELA") filed a motion informing that under P.R. Laws Ann. tit. 3, § 862, et seq., it had a statutory lien over Debtor's 83 days and 52 minutes of accumulated sick leave license with the Dep't of Educ. for an estimated value of $13,144.20. AEELA, furthermore requested, and the court authorized, the Dep't of Educ. to transfer $1,507.53 in full payment of AEELA's claim. [Dkt's. No. 57 & 62].

On October 13, 2016, in response to AEELA's motion, the Trustee filed a motion requesting the court to "…order Debtor to, within 14 days, amend Schedules I and J to reflect her

new economic situation and inform whether she has received the $11,636.67…and, if so, to inform why it was not submitted to the Trustee to increase the base of the plan". [Dkt. No. 58]. On October 15, 2016, the Debtor amended item 35 of Schedule B ("Other personal property of any kind not listed") for the amount of $11,636.67, and in her amended Schedule C claimed the amount as exempt under section 522(d)(5). [Dkt. No. 60]. In a series of motions that followed, the Trustee requested that the remainder of the funds be sent to him for distribution under the plan, and objected to Debtor's exemption claim. The Trustee contends that section 522 is not applicable to property acquired pursuant to section 1306. The Debtor replied to these objections. [Dkts. No. 58, 61, 66, 70, 76, 86]. On August 18, 2017, the court entered an Order (the "Exemption Order") granting Trustee's objection and ordering the Debtor to submit the funds to the Trustee for distribution to the general unsecured creditors. [Dkt. No. 89].

In response, Debtor filed the *Motion to Alter or Amend Order Granting Trustee's Objection to Debtor's Claim of Exemptions*, now under consideration, contending the court erred by granting Trustee's objection. The reconsideration is premised on the argument that Trustee did not meet the burden of persuasion required by Federal Rules of Bankruptcy Procedure 4003(c) since exemptions under section 522(d)(5) can be taken over any property of the estate.

In deciding Debtor's motion, the court must address the following issues: (1) whether the Debtor's motion to alter or amend meets the legal requirements for reconsideration under Fed. R. Civ. P. 59(e); (2) whether unused sick leave accumulated prepetition and unused sick leave accumulated post-petition are property of the bankruptcy estate; (3) whether a chapter 13 debtor may amend its schedules to claim an exemption over property not initially included in Schedule

B, and (4) whether Trustee's objection met Bankruptcy Rule 4003(c)'s burden of persuasion requirement.[2]

**II.      Discussion**

**A.  Standard of Review**

   **Federal Rules of Civil Procedure Rule 59(e)**

Because Debtor's motion to alter or amend the judgment was timely filed as per Fed. R. Bankr. P. 9023, the court will base its review under Fed. R. Civ. P. 59(e).[3] See In re Iannochino, 242 F.3d 36, 42 (1st Cir. 2001). Rule 59(e) authorizes a court to alter or amend a final judgment or order on a movant's timely motion. See Rule 59(e). "According to the accompanying Advisory Committee Report, [Rule 59(e)] was adopted to [make] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 450 (1982).  "An order sustaining an objection to a debtor's claimed exemption is a final order." In re Wood, 291 B.R. 219, 223-24 (B.A.P. 1st Cir. 2003). "…[O]rders granting or denying exemptions are appealable as final orders under 28 U.S.C. § 158(a)." Howe v. Richardson, 232 B.R. 534, 535 (B.A.P. 1st Cir.), aff'd, 193 F.3d 60 (1st Cir. 1999). The First Circuit Court of Appeals has identified four general grounds for granting a Rule 59(e) motion: manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3rd 1, 7 (1st Cir. 2005). As will be explained below, the Debtor has met the necessary standard to succeed in a Rule 59(e), as a result of this court's manifest error of law in the application of sections 522, 541 and Fed. R. Bankr. P. 4003 to the facts of this case.

---

[2] Unless expressly stated otherwise, all references to "Rule" or "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.
[3] Fed. R. Bankr. P. 9023 states that Fed. R. Civ. P. 59 applies in cases under the Code.

**B. Any interest in property held by a debtor as of commencement of a bankruptcy proceeding becomes property of the estate under 11 U.S.C. § 541(a) and subject to exemption under 11 U.S.C. § 522.**

**Definition of Property of the Estate under 11 U.S.C. § 541**

Section 541(a)(1) states that filing a bankruptcy petition automatically creates an estate comprised of "…all legal or equitable interests of the debtor in property as of the commencement of the case…wherever located and by whomever held…." 11 U.S.C. § 541(a). It is from this initial pool of assets that the fundamental purpose of the Code is promoted: giving honest debtors sufficient breathing room in order to make a fresh start and distributing assets equally among creditors. See 5 COLLIER ON BANKRUPTCY ¶ 541.01 (Richard Levin & Henry J. Sommer eds., 16th ed.). To achieve this purpose, the term 'property' has been construed in the broadest and most inclusive terms possible to include nearly anything that might have value. Courts have consistently found that "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." In re Wood, 291 B.R. 219, 224 (B.A.P. 1st Cir. 2003) (citing In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1992) (internal quotations omitted)).

The determination whether a particular asset is property of the bankruptcy estate is a federal question, but courts must look to state law to determine debtors' property interests. Butner v. United States, 440 U.S. 48 (1979). See also Stern v. Marshall, 564 U.S. 462, 495 (2011) ("Property interests are created and defined by state law"). As a threshold matter, the court must first address whether and to what extent the Debtor in this case had a legal or equitable interest in her accumulated sick leave as of the commencement of the bankruptcy case before any inquiry into the exemptions can commence.

**Debtors 'Accumulated Vacation Time or Sick Pay is Property of the Estate**

Under P.R. Laws Ann. tit. 3, § 703 et seq., when a government employee is finally removed from service, he/she is legally entitled to a lump sum payment for the unused balance of their sick leave, up to a maximum of 90 hours, if he/she provided at least ten (10) years of service.[4] In Álvarez Crespo v. Pierluisi, 150 P.R. Dec. 252 (2000), the Puerto Rico Supreme Court discussed the nature of Puerto Rico's government employees' accrued but unused sick leave under P.R. Laws Ann. tit. 3, §703 et seq., and concluded that it was "something more than a common or ordinary marginal benefit of an employee" and that it was "transferable property right".[5] Moreover, in Zayas Rodríguez y otros v. PRTC, 195 D.P.R. 720, 736 (2016), the Puerto Rico Supreme Court held that accumulated but unused sick leave is a "contingent benefit whose purpose is to guarantee an income to the employee who must be absent from work due to circumstances related to his health."

In Fonseca v. Gov't Emples. Ass'n (AEELA), 542 B.R. 628 (B.A.P. 1st Cir. 2015), the Bankruptcy Appellate Panel for the First Circuit discussed P.R. Laws Ann. tit. 3, §703 et seq., and concluded that Fonseca, a government employee, held a property interest over his accumulated sick leave akin to a credit retained by the government. Fonseca, 542 B.R. at 638-39. This line of cases leaves the court with no doubt that under state law debtors have a sufficient

---

[4] P.R. Laws Ann. tit. 3, §703(a) states in pertinent part:
> Every officer or employee of the Commonwealth of Puerto Rico, except the officers of the Executive Branch appointed by the Governor and of the instrumentalities and public corporations shall be entitled to be paid, and there shall be paid a lump sum of money for the leaves of absence he may have accumulated up to a maximum of sixty (60) working days on his removal from service for any cause; and for sick leave he may have accumulated up to a maximum of ninety (90) working days, on his removal from service in order to avail himself of a retirement, if he is a participant of any retirement system sponsored by the Government and if he is not, on his final removal from service, if he has rendered at least ten (10) years of services. This lump sum for both leaves shall be paid at the rate of the salary earned by the officer or employee at the time of his removal from service, independently of the days he has enjoyed said leaves during the year. The provisions of this section are applicable to prosecutors and property registrars.

[5] Translation supplied.

-6-

property interest at the commencement of a bankruptcy case to bring accumulated but unused sick leave within reach of section 541 of the Code.

Trustee argues that because Debtor came into possession of the proceeds post-petition, she does not have a property interest in the unused sick leave as of the commencement of the case. However, "[i]t is important to distinguish between property that is acquired after the case is commenced and property that merely changes in form." Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 123 (2d Cir. 2008). There is ample case law supporting the conclusion that contingent assets, like accumulated but unused vacation pay and sick leave, are assets of the bankruptcy estate under section 541. See e.g., In re Willman, No. 11-40709, 2012 Bankr. LEXIS 527, at *5 (Bankr. D.S.D. Feb. 16, 2012) (collecting cases).

The Bankruptcy Appellate Panel for the First Circuit rejected Trustee's exact argument in Fonseca:

> …[§ 541] makes clear that if a… debtor has a contingent right to receive funds in the future, that contingent right belongs to the bankruptcy estate and if the contingency occurs post-petition, the funds received belong to [the estate]. . . . With respect to accrued vacation leave, the legislative history of § 541 states that § 541(a)(1) effectively overruled Lines v. Frederick, 400 U.S. 18 (1970), in which the Supreme Court held under the Bankruptcy Code's predecessor that accrued vacation leave was not property of the bankruptcy estate. Consequently, the courts that have addressed the issue after § 541's enactment have held that a debtor's unliquidated accrued leave is property of the bankruptcy estate. As such, the Debtor clearly had a property interest in his pre-petition accumulated leave as of the petition date. Thus, the fact that the Debtor's pre-petition accumulated leave was not a tangible, liquidated asset (i.e. reduced to a lump sum payment) as of the petition date is of no consequence.

Fonseca, 542 B.R. at 638 (internal citations omitted).

The court finds persuasive the findings and conclusions of law as stated in Fonseca and applies them to the instant case. The pre-petition portion of Debtor's accrued but unused sick

leave constitutes property of the bankruptcy estate under section 541 as of commencement of case and is subject to section 522 as discussed below.

**Property of Estate under Section 1306**

Notably, the lump sum payment Debtor received in this case included amounts earned post-petition. Based on the information on record, the court cannot make a determination regarding this portion of the payment. However, this will not affect the exemption analysis of the assets because, given the nature of a chapter 13 estate, the post-petition portion of Debtor's sick leave accrued under the expanded temporal definition of the estate under section 1306 and is, therefore, also property of the estate.

Chapter 13 was created to allow consumers to restructure their debts through repayment plans over the course of several years drawing primarily from the debtor's earned regular income rather through liquidation of his/her assets. Thus, in addition to the property listed in section 541, in a chapter 13 case, property of the estate includes

> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a); See Barbosa v. Soloman, 235 F.3d 31, 36 (1st Cir. 2000) (holding that section 1306 "extends the application of section 541 to cases filed under Chapter 13 and that the "the bankruptcy estate continues to be replenished by post-petition property until the case is closed, dismissed, or converted"); In re Sanchez Santiago, 478 B.R. 516, 520 n.6 (B.A.P. 1st Cir. 2012) ("Any interest in property, described in § 541, that a chapter 13 debtor acquires post-petition also becomes property of the estate under § 1306, including any "earnings from services

performed by the debtor."); In re Garcia, 478 B.R. at 512 ("Property included in the bankruptcy estate by §1306, however, is in addition to the property specified in section 541.") (emphasis in original).

The distinct purpose and scheme of chapter 13 bankruptcies requires that property of the estate "encompass property interests of the debtor during the pendency of the entire chapter 13 case, as well as property rights acquired by the chapter 13 estate after the commencement of the case." See 8 COLLIER ON BANKRUPTCY ¶ 1300.01 (Richard Levin & Henry J. Sommer eds., 16th ed.). Section 1306(a)(2) also makes earnings from services performed by the debtor after the commencement of the case but before the case is "closed, dismissed, or converted" part of the estate. 11 U.S.C. § 1306(a). Thus, as the Court of Appeals for the Fourth Circuit held in Carroll v. Logan, a "Chapter 13 Bankruptcy Estate = Property described in Section 541 + The Kind of Property . . . described in section 541 and acquired before the Chapter 13 case is closed, dismissed, or converted." In re Walley, 525 B.R. 320, 323 (Bankr. E.D. Va. 2015) (citing Carroll v. Logan, 735 F.3d 147, 150 (4th Cir. 2013)). In the instant case, Debtor continued working for the Dep't of Educ. for nearly two years after her bankruptcy petition was filed. The hours accumulated post-petition are earnings or income of the Debtor and deemed property of the estate under section 1306, while the debtor is in chapter 13, even if contingent and not mature.

After a debtor's property interests have been included in the estate, the Code allows their withdrawal if they fall within one of section 522's exemptions. See Owen v. Owen, 500 U.S. 305, 308-09 (1991) ("It is self-evident that "[n]o property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate.")

**C. A chapter 13 debtor may amend and exempt specified kinds of property or values in property from "property of the estate" under § 522(d)(5).**

**11 U.S.C. § 522**

Upon filing for bankruptcy, "all of the debtor's assets become property of the bankruptcy estate, subject to the debtor's right to reclaim certain property as exempt." Schwab, 560 U.S. at 774 (internal citations omitted). The Code grants honest debtors the discretion to utilize recognized federal or state exemptions to withdraw assets from the bankruptcy estate. This is in contrast to the exceptions to the kinds of property that will form the contents of the estate under section 541. See e.g. In re Yonikus, 996 F.2d 866, 869-70 (7th Cir. 1993) (holding that the Code allows debtors to either *except* a property interest from the estate pursuant to sections 541(b) and 541(c)(2) or to *exempt* it under § 522(b).) (emphasis in the original).

Properly exempt property is returned to the debtor and is not distributed to creditors. See e.g., Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992); In re Cunningham, 513 F.3d 318, 324 (1st Cir. 2008). And "[u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case…." 11 U.S.C § 522(c).

Section 522(b) specifies the types of property and the maximum values debtors may exempt from property of the estate. Schwab, 560 U.S. at 774. That section provides, in relevant part, that "[n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either [522(b)(2)] or, in the alternative, [522(b)(3)] of this subsection." 11 U.S.C. § 522(b)(1).

Section 522(d) specifies "the maximum value of the exemptions a debtor may claim in certain assets." Schwab, 560 U.S. at 774. Section 522(d)(5), commonly known as the "wild card"

exemption, is a "…limited-interest exemption"[6] that may be used "to protect any kind of property whatsoever…." In re Garcia, 478 B.R. at 513. See also, In re La Flamme, 14 B.R. at 26 (holding that "'property' in § 522(d)(5) should be construed in the same manner as it is defined elsewhere in the statute with the result that the general exemption in § 522(d)(5) may be applied to any property which is property of the estate."). A "wild card" exemption allows debtors to exclude from property of the estate "$1,250 in property or property value plus up to $11,850 of the unused portion of the [homestead] exemption." 11 U.S.C § 522(d)(5).

The Bankruptcy Appellate Panel for the First Circuit concluded that the legislative history of the section makes clear that it was meant to place non-homeowners on equal footing with homeowners in terms of the fresh start policy.

> Congress found that "there is a federal interest in seeing that a debtor [] goes through bankruptcy comes out with adequate possessions to begin his fresh start." The general exemption was intended to ensure that there was no discrimination between homeowners and non-homeowners in achieving that goal. By permitting non-homeowners (or homeowners with property valued under [$11,850]) to exempt the unused portion of the homestead exemption, plus [$1,250], Congress in effect gave all debtors potentially the same [$13,100] stake.

In re La Flamme, 14 B.R. at 21, 24 (citing Matter of Smith, 640 F.2d 888, 891 (7th Cir. 1981) (quotations omitted) (citations omitted). See also 4 COLLIER ON BANKRUPTCY ¶ 522.09 (Richard Levin & Henry J. Sommer eds., 16th ed.) (stating that "[t]he purpose of this exemption is to prevent discrimination against non-homeowners . . . . [and] [t]he debtor may claim the unused portion of the homestead exemption in any property even if the debtor has not used any portion of the exemption under section 522(d)(1) on homestead property." Finally, as a general

---

[6] In accordance with the exemptions analysis in Schwab v. Reilly, 560 U.S. 770 (2010), Judge Boroff of the United States Bankruptcy Court for the District of Massachusetts held that:
> Regardless of their statutory basis, however, most (if not all) exemptions can be categorized as either "in-kind" or (for lack of a better term) "limited-interest" exemptions. In-kind exemptions are those that allow a debtor to exempt "certain property . . . in full regardless of value. . . . Limited-interest exemptions, in contrast, allow a debtor to exempt an "interest"— up to a specified dollar amount — in the assets described."

In re Luckham, 464 B.R. 67, 72 (Bankr. D. Mass. 2012).

rule, "exemption statutes should be liberally construed in the debtor's favor to reflect their remedial purposes." In re Caron, 82 F.3d 7, 10 (1st Cir. 1996)(internal citations omitted).

**Procedure for Claiming, Amending and Objecting Exemptions**

Section 522(l) directs debtors to "…file a list of property that the debtor claims as exempt under subsection (b) of this section." 11 U.S.C. § 522(l). This requirement is subject to the terms of Rule 1007(c) which states that "[i]n a voluntary case, the schedules, statements, and other documents required…shall be filed with the petition or within 14 days thereafter…." Fed. R. Bankr. P. 1007(c). "Of course, a failure to claim exemptions can also be cured by the debtor's filing an amended schedule of property claimed as exempt." 4 COLLIER ON BANKRUPTCY ¶ 522.07 (Richard Levin & Henry J. Sommer eds., 16th ed.). Rule 1009(a) states that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). See In re Hannigan, 409 F.3d 480, 481 (1st Cir. 2005). This rule has been interpreted as indicating congressional awareness of the fact that debtors' financial situations could change throughout the course of their bankruptcies. "This right to amend includes the right to amend the debtor's claimed exemptions. . . ." Generally, "[t]he bankruptcy court has no discretion to disallow amended exemptions." In re Ludvigsen, No. MB 14-039, 2015 Bankr. LEXIS 2048, at *15 n.6 (B.A.P. 1st Cir. Jan. 16, 2015).

Furthermore, section 522(l) states that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). Courts have consistently held that "[a] debtor's exemption claim is prima facie valid and absent a valid objection within the statutorily given time, the property claimed as exempt is removed from the estate." In re Garcia,

478 B.R. at 512. <u>See also</u> <u>Schwab</u>, 560 U.S. at 770; <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638 (1992).

To account for a debtor's possible post-petition amendments, Rule 4003(b)(1) allows parties in interest to "…file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b)(1). Moreover, Rule 4003(c) places "…the burden of proving that the exemptions are not properly claimed" on the objecting party. Fed. R. Bankr. P. 4003(c). <u>See e.g.</u>, <u>In re Garcia</u>, 478 B.R. at 512 ("The party objecting to the exemption bears the burden of persuading the court of its inadequacy.").

The allowance or denial of an objection under Fed. R. Bankr. P. 4003 will generally depend on (i) the statutory basis of the exemption, (ii) the description of the property being claimed as exempt, and (iii) the exemption's value. In <u>Law v. Siegel</u>, 134 S. Ct. 1188 (2014) (per curiam), the Supreme Court had occasion to examine Bankruptcy Courts' authority under 11 U.S.C §105 regarding exemptions. Justice Scalia, writing for a unanimous court, provided a detailed examination of section 522. The court stated that section 522: "…sets forth a number of carefully calibrated exceptions and limitations"; "…exhaustively specifies the criteria that will render property exempt…"; and "…does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate." <u>Id.</u> at 1196-97. The court concluded by stating that "…<u>federal law</u> provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code . . . ." <u>Id.</u> (emphasis in original).

Based on this statutory framework and the case law regarding exemptions, the court concludes that the Debtor in this case may amend her schedules and exempt the proceeds of her

-13-

unused but accumulated sick leave from property of the estate under § 522(d)(5). Although Trustee argues that debtors are barred from claiming exemptions in property acquired post-petition because the introductory language of § 522(b)(1) only references § 541, and not the other bankruptcy types, Trustee's arguments and interpretation of the law are flawed. The Code makes section 522 applicable to all other bankruptcy chapters and the Trustee has failed to specify a statutory basis for denying the exemption as required by the holding in <u>Law</u>.

Trustee's main argument, the reference argument, is that the text of section 522 does not mention sections 1207, 1306, 1113. Therefore, Trustee concludes that section 522 should be interpreted as "…limiting the application of exemptions to property of the estate as defined under § 541." [Dkt. 101 at pg. 9.] Besides Trustee's own interpretation, three cases were cited in support of his conclusion. As discussed below, those cases are clearly distinguishable, inapposite, and the court respectfully disagrees with the conclusions derived therein.

First, Trustee cited language from the Bankruptcy Court for the District of Massachusetts' decision in <u>In re Thurston</u>, No. 99-11836-JNF, 2007 Bankr. LEXIS 2207, at *1 (Bankr. D. Mass. June 27, 2007). In that case, Thurston, a chapter 13 debtor, sought to exempt post-petition litigation settlement proceeds from an undisclosed pre-petition claim pursuant to a Massachusetts homestead exemption statute. In the course of denying the exemption, the <u>Thurston</u> court stated that:

> …[T]he Debtor ha[d] not pointed to any provision in the Bankruptcy Code for exempting property that becomes property of the estate under section 1306, and [that] there is no provision under the Massachusetts Homestead statute for exempting cash proceeds.

> Notably, section 522(b) references section 541 (Notwithstanding section 541 of this title, an individual debtor may exempt property of the estate); it does not reference section 1306.

<u>Id.</u> at 24. (internal quotations omitted).

-14-

Although <u>Thurston</u> provides Trustee with convenient language, the reasoning in that decision does not support Trustee's conclusion. First of all, the exemption in <u>Thurston</u> was denied on state law grounds. Second, this case was decided prior to <u>Law</u>. Third, it is the party objecting the claim of exemption that bears the burden of pointing out the provisions of the Code that would make the claim improper and not the other way around. <u>See</u> 11 U.S.C § 522(l); Fed. R. Bankr. P. 4003(b)(1); <u>Taylor</u>, 503 U.S. at 638; <u>Schwab</u>, 560 U.S. at 770. And, finally, whether § 522 references § 1306 or not, has little, if anything, to do with chapter 13 debtors' ability to claim exemptions on property acquired post-petition.

A proper analysis of the functions of sections 541 and 522 reveals that the Code allows debtors to either *except* a property interest from the estate pursuant to sections 541 or to *exempt* it under section 522. In addition, a reading of section 522 reveals that the Code allows debtors to utilize recognized federal or state exemptions to withdraw interests from "property of the estate" *despite* the properties' kind's inclusion in the estate. <u>See e.g.</u>, <u>In re Cutignola</u>, 450 B.R. at 448. (Thus, Congress first dictated what would constitute "property of the estate" in general terms and only afterwards in accordance with specific types of bankruptcies. The latter specification, however, is in addition to the contents specified in section 541 and not to their exclusion or in spite of them. As the Debtor in this case pointed out in her initial response to Trustee's objection:

> With Section 541, Congress established a general definition for bankruptcy estates. With Section 1306, it then expanded on that definition specifically for purposes of Chapter 13 cases. Thus, Section 1306 broadens the definition of property of the estate for chapter 13 purposes to include all property acquired and all earnings from services performed by the debtor after the commencement of the case.
> …
> Section 1306(a) is specific to Chapter 13 bankruptcies and defines estates solely for purposes of that reorganization chapter. Section 541, by contrast, is a general provision that provides generic contours for bankruptcy estates.

<u>Carroll v. Logan</u>, 735 F.3d 147, 150-152 (4th Cir. 2013) (internal quotations omitted).

Moreover, the placement of section 522 among the chapters of general application should not be ignored. Notably, Congress placed § 522 in 'Chapter Five of the Title XI'. The unambiguous text of § 103(a) states that "…chapters 1, 3, and 5 of [the Bankruptcy Code] apply in a case under chapter 7, 11, 12, or 13 of this title…." 11 U.S.C. § 103(a). See also In re Graham, 258 B.R. 286, 290 (Bankr. M.D. Fla. 2001) (noting that Congress decided to include section 522 "…in Chapter Five of the Code, entitled 'Creditors, Debtors, and the Estate,' instead of placing a separate exemption provision in each chapter.") This placement reveals what Judge Morris from the Unites States Bankruptcy Court for the Southern District of New York described as the superiority of section 522 over the other sections of the Code: "The superiority of § 522(b)(1), the right to exempt property, extends to all subsections of the Bankruptcy Code…." In re Cutignola, 450 B.R. at 448. This interpretation is also consistent with the Supreme Court's decision in Schwab where it stated that "[w]hen a debtor files [a] bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate . . . *subject* to the debtor's right to reclaim certain property as exempt…." Schwab, 560 U.S. at 774 (emphasis added) (internal quotations omitted). The legal conclusion Trustee advances is in direct contradiction to section 103(a).

Finally, even assuming that Trustee's interpretation of sections 522, 541 and 1306 is correct, this court declines the invitation to adopt his reasoning because it is contrary to the Code's fresh start principle, creates an exception to the application of section 522 where there is none, and would result in discrimination against debtors whose right to claim an exemption came into existence post-petition. The court finds persuasive the view that "Congress balanced the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors, and it is not for [courts] to alter this balance . . . ." Schwab, 560

U.S. at 791-92. It would be strange, indeed, to allow debtors to amend their schedules at any point before the case is closed, dismissed, or converted, but to prevent them from exempting post-petition acquired property on a ground not specified in the Code. Restricting debtors from exhausting congressionally determined exemption values seems contrary to the Code's fresh start principle and should be avoided whenever possible. The court, therefore, concludes that debtors with unused exemptions may exhaust them through amendments whenever they come into possession of property that may be exempt. Trustee's arguments for abandoning this interpretation are unpersuasive. As the Debtor pointed out in her initial reply to Trustee's objection:

> There is nothing in the language of §§ 1306 or 541 to suggest that Congress intended to limit an individual's exemptions to only that property of the estate owned at the commencement of the case and to deny the debtor the opportunity to assert any remaining allowed exemptions in property of the estate acquired after the bankruptcy filing.

In re Walley, 525 B.R. 320, 325 (Bankr. E.D. Va. 2015).

Trustee also cited language from Garcia, (lower court rev'd), 478 B.R. at 506. In that decision, the Bankruptcy Court held that "income tax refunds . . . may not be exempt as the same are not property of the estate under 11 U.S.C. § 541(a)." Id. at 509. However, on appeal, the Bankruptcy Appellate Panel for the First Circuit ruled that long established Supreme Court precedent holds that "…tax refunds arising from pre-petition earnings or losses are generally considered property of the estate under § 541, as they are sufficiently rooted in the bankruptcy past and do not relate conceptually to future wages and it is not the equivalent of future wages." Garcia, 478 B.R. at 512. (citing Kokoszka v. Belford, 417 U.S. 642 (1974)). The Bankruptcy Court's decision in Garcia, furthermore, did not provide any reasoning for sustaining the

inapplicability of section 522 to post-petition property other than the reference argument already discussed and this court does not find it instructive on the issues raised in this dispute.

The more reasoned approach to exemptions over property acquired post-petition in chapter 13 bankruptcies is that "[t]he plain language of the Bankruptcy Code and Rules clearly indicate that the estate's right to property acquired post-petition is subject to the debtor's rights to exemptions…." and not the other way around as Trustee suggests. In re Cutignola, 450 B.R. at 449.

**Trustee's objection did not meet Rule 4003(c)'s burden of persuasion requirement**

As noted in Law, it is within the debtor's discretion to claim an exemption. "A debtor need not invoke an exemption to which the statute entitles him; but if he does, the court may not refuse to honor the exemption absent a valid statutory basis for doing so." Law, 134 S. Ct. at 1196. The Bankruptcy Rules allow debtors to amend their schedules as a matter of course before the case is closed, dismissed, or converted.

In this case, the evidence established that Debtor did not claim a homestead exemption, and had available an unused portion of section 522's wild card exemption worth $12,324.00. On October 6, 2016, AEELA notified the court that it had a statutory lien over Debtor's 83 days and 52 minutes of accumulated sick leave and requested a transfer from the Dep't of Educ. On October 15, 2016, Debtor filed an *Informative Motion (Amended Schedules)* [Dkt. No. 60] notifying she was amending Schedules B and C of her bankruptcy petition to reflect and claim as exempt the proceeds of her accumulated sick leave in the amount of $11,636.67 under section 522(d)(5). The court's order granting AEELA's request was entered on November 3, 2016. [Dkt. No. 62.] On September 15, 2017, Debtor filed a *Motion Submitting Documents* [Dkt. No. 95] showing it had received a check in the amount of $10,312.82 from the Dep't of

-18-

Educ. for her accumulated sick leave and amending Schedule B to reflect the new amount. [Dkt's No. 95 & 96.]

While the final value of the accrued sick leave remained speculative until her termination, Debtor had a property interest in the accrued sick leave benefits on the date of her bankruptcy filing sufficient to bring them into her bankruptcy estate under § 541. The post-petition portion of Debtor's sick leave accrued under the expanded temporal definition of the estate under section 1306 and is, therefore, also property of the estate. The Rules allow debtors to amend their schedules as a matter of course. Debtor did just that. Under Rule 1009(a) she amended her schedules and withdrew $10,312.82 of her aggregate interest in her accumulated but unused sick leave hours from the estate. This placed Debtor on equal footing with other debtor homeowners. The same result would have been reached had she claimed the exemption upon filing. Unsecured creditors would not have received any amounts from the Debtor's accrued sick leave.

The chapter 13 Trustee filed a timely objection and bore the burden of showing that the exemption claimed in Debtor's Amended Schedule C was improper. Trustee's argument, however, was premised on the notion that the proceeds of Debtor's accrued sick leave were part of the bankruptcy estate pursuant to § 1306 and that "…the plain language of 11 U.S.C. § 522(b)(1) specifically excludes from exemption property of the estate under 11 U.S.C. § 1306." [Dkt. No. 101 at pg. 4-5.] Those arguments were already discussed and are unavailing since under section 103, section 522 is of general applicability to all other chapters. Finally, the Trustee failed to specify any section of the Code that limits exemptions to property debtors own as of the commencement of the case. The Supreme Court was clear in <u>Law</u>: "…<u>federal law</u>

-19-

provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code . . . ." Law, 134 S. Ct. at 1196-97 (emphasis in original).

### III. Conclusion

In sum, Debtor held a pre-petition property interest in her accumulated but unused sick leave sufficient to bring it within the scope of § 541. The hours accumulated post-petition constitute earnings or income of the Debtor and property of the estate pursuant to section 1306. Furthermore, § 522, being a section of general applicability, applies to all property of the estate, including property acquired post-petition. The Debtor in this case had not exhausted her wild card exemption and properly amended her schedules as permitted under Rule 1009.

Upon reconsideration of the materials submitted and the parties arguments and claims, the court concludes that Trustee's objection did not meet the standard of Bankruptcy Rules 4003(c). This court erred when it granted the *Trustee's Objection to Schedule C* [Dkt. No. 64]. For the reasons set forth herein, the *Motion to Alter or Amend Order Granting Trustee's Objection to Debtor's Claim of Exemptions* [Dkt. No. 91] is GRANTED.

SO ORDERED

In San Juan, Puerto Rico, this 18th day of May, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

-20-